1  KENT R. ROBISON, ESQ. (NSB # 1167)
   krobison@rssblaw.com
2  THERESE M. SHANKS, ESQ. (NSB #12890)
   tshanks@rssblaw.com
3  **Robison, Sharp, Sullivan & Brust**
   71 Washington Street
4  Reno, Nevada 89503
   Telephone:  (775) 329-3151
5  Facsimile:  (775) 329-7169
   *Attorneys for Defendant Carson City*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually, JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually, and JANE DOE III, Guardian Ad Litem for JOANN DOE III, a minor, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CARSON CITY, a political subdivision of the State of Nevada; DOES 1-10,<br><br>Defendants. | CASE NO.:  3:18-cv-00538-LRH-WGC<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIAL INFORMATION AND DOCUMENTS OF MINORS** |

Plaintiffs John and Jane Doe I, John and Jane Doe II, and Jane Doe III (hereinafter "Plaintiffs") have filed an action in the above-captioned Court against Defendant Carson City (hereinafter "Defendant").

The Parties expect that confidential, non-public information and documents will need to be filed and disclosed in this matter. In addition to the definition of Confidential Information detailed below in Section I(D), "Confidential Information" includes, but is not limited to, the following:

A. Identification of Plaintiffs, including information related to Plaintiffs' name, home address, school address, contact information, medical records and/or treatment assessments as Plaintiffs' safety/security may be compromised by the disclosure of such information;

B. Identification of K.H., as well as any minor victims that may be discussed, including

information related to their names, home address, school address, contact information, medical records and/or treatment assessments as their safety/security may be compromised by the disclosure of such information;

  C. Personal identity information as contained in Local Rule IC 6-1; and

  D. Information prohibited from disclosure by statute.

Information or documents that are available to the public may not be designated as Confidential Information.

Discovery in this case required the production of documents, the answering of interrogatories, and requests to admit during which the aforementioned confidential and/or private information and documents of the Plaintiffs, K.H., and other minor victims were exchanged and disclosed. Also, this case will require the taking of oral and/or written depositions during which the aforementioned confidential and/or private information and documents of the Plaintiffs, K.H., and other minor victims will be exchanged and disclosed. To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to protect material entitled to be kept confidential, the Parties agreed to limit the disclosure and use of confidential and private information and documents as stipulated, pursuant to this Stipulated Protective Order Governing the Confidential Information and Documents of Minors ("Protective Order") after the close of discovery on the following terms:

**I.** **DEFINITIONS**

The following definitions shall apply to this Protective Order:

  A. This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

  B. "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any Party to this Action or any third parties.

  C. "Party" shall mean the Plaintiffs and Defendant in this Action, and any other person that may become a named Party to this Action.

  D. "Non-Parties" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

E.  "Counsel" shall mean attorneys retained to represent or advise a Party to this action, in which the attorneys have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

F.  "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

G.  Consistent with that which is defined as confidential above, "Confidential Information" shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contains information that should be protected from disclosure as a public record or to Non-Parties, Counsel, and Expert witnesses. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

H.  "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential".

I.  When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

## II. DESIGNATION OF INFORMATION AND DOCUMENTS

A.  When any document, deposition testimony, or item produced under this Protective Order are designated as Confidential Information, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection.

B.  The Parties acknowledge that through the course of discovery, Confidential Information has been disclosed without the Legend affixed as set forth in Paragraph II(A) above. The Parties agree that the failure to designate information or documents as Confidential Information in accordance with this Protective Order shall not preclude any Party from, at a later date, designating any information or documents as Confidential Information. The Party may, by written notice to counsel of record for the other Parties, designate previously produced information or documents as Confidential Information, which were inadvertently not designated or which was disclosed prior to the entering of this Protective

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

Order. Upon receipt of such notice, the Parties shall promptly mark their copies of the information or documents so designated and shall thereafter treat the information and documents as if it had been designated Confidential Information and shall restrict the disclosure or use of the information or documents in accordance with this Protective Order. If the information or documents have previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Protective Order and as though the information and documents were originally so designated.

### III. LIMITATIONS

A. This Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action and used in the prosecution and defense of this Action.

B. Persons obtaining access to Confidential Information under this Protective Order shall use the information only for the preparation of and the trial in this Action (including motion practice as permitted by the Court). Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

Nothing contained in this Protective Order shall require any Party to treat documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient as Confidential Information; provided, however, that nothing in this Protective Order shall authorize any use of documents or information which is otherwise impermissible.

### IV. PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential Information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Protective Order and/or to: (a) the Parties in this Action, including their agents, officers, directors and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in this Action; (b) outside counsel for the Parties hereto and their agents,

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to this Action or their counsel to assist in preparation of this Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in this Action; (f) people who have previously received or created the document; and (g) witnesses in this Action who need to review this material in connection with their testimony in this Action. Confidential Information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Protective Order and agrees to be bound by the terms of this Protective Order in the form attached hereto as **Exhibit A**. In the event an authorized person does not execute **Exhibit A** expressly agreeing to be bound by the Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

**V.    DECLASSIFICATION**

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential Information shall be treated as such under this Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A.    At any time, the receiving Party of any document or information designated as Confidential Information may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally. In the event that such attempts are not successful, the designating Party may file a motion seeking to uphold the designation, and the Court shall make an independent determination as to whether or not any given document or information is Confidential Information and/or properly redacted based upon facts then existing and, in so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be deemed Confidential Information unless and until the Court rules otherwise. The Party or entity making the designation must show that there is

good cause for the document or information to have such protection.

  B. In the event that any Party files a motion to uphold a designation or redaction of information, the document or information shall be submitted to the Court for *in camera* inspection.

## VI. DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

In the event that any Confidential Information, or information derived therefrom, are elicited or discussed during depositions in this case, the Parties agree to designate portions of those depositions or subject matter and information elicited or discussed during those depositions as Confidential Information. The Parties agree that any deposition transcripts, or portions thereof, including designated documents or other exhibits, that elicit or discuss Confidential Information will be treated as such pursuant to this Order.

## VII. DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

In the event that any Confidential Information, or information derived therefrom is included with, or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court, including, without limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal pursuant to Local Rule 10-5 bearing the words: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____" or filed through the Court's ECF system under seal, subject to the Court's convenience and needs, and kept under seal by the Clerk until further order of the Court.

The Party who has designated such materials as Confidential Information shall, within ten (10) business days after the filing of the document under seal, submit a motion to the Court making the showing required under *Kamakana v. City and County of Honolulu*, 447 F.3d 172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) to sustain the sealed status of such materials. Failure to file the motion to sustain that sealed status of the materials shall constitute a waiver of such designated status.

Further, as not all Confidential documents disclosed in this matter are affixed with a "Confidential" legend, in the event a Party files a document containing Confidential Information, any Party may move to seal such information by making the showing required by *Kamakana v. City and County of Honolulu*, 447 F.3d 172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*,

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

809 F.3d 1092 (9th Cir. 2016).

## VIII. DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION

Any time it is anticipated that Confidential Information is to be brought before the Court, the Party bringing the matter will disclose it to the Court and request the hearing or trial be sealed. Further, the Parties may request that the Court designate portions of the trial and/or hearing containing Confidential Information to be sealed; however, any request must include a showing as required by *Kamakana* and *Center for Auto Safety*.

## IX. SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such as Confidential Information. The Party that received the subpoena shall object to production under Rule 45, Federal Rules of Civil Procedure, or any similar rule protecting the production of Confidential Information in that proceeding. After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

## X. CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

## XI. COPIES OF DESIGNATED INFORMATION

The attorneys of record are responsible for employing reasonable measures, consistent with

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate Confidential Information or documents except working copies and for filing in Court under seal. All copies of any Confidential Information or documents shall be treated as provided in this Protective Order. Any Party making or causing to be made copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

## XII. NO WAIVER

A. No Confidential Information or documents shall lose such status under this Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order. Counsel to the Parties in this Action shall confer at least five (5) days before any such hearing, trial, or other court proceeding in order to work out any objections to the use of any Confidential Information or documents in such court proceeding and to make such amendments to this Stipulated Protective Order which the Parties agree are necessary to assure the continued confidentiality of such information.

B. Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Protective Order are reserved and are not waived by any terms of this Protective Order. The use of Confidential Information and documents as evidence at trial shall be subject to this Protective Order unless otherwise agreed to by the Parties or modified by the Court.

C. The inadvertent disclosure of Confidential Information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

## XIII. NON-TERMINATION

The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information and documents produced and designated as such pursuant to this Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon the final disposition of this Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential. Counsel for either Party may use the Confidential Information and documents only for

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1 | the purpose of defending ethical charges or professional malpractice charges and may not use
2 | Confidential Information or documents in any subsequent lawsuit.

### XIV. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS

A. The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, provided that—consistent with the provisions of Fed. R. Civ. P. 26(b)(5)—the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production.

B. Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

C. The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may present the information under seal to the Court for a determination. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in anyway (including, but not limited to, using the

. . .

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

information in depositions or at trial) nor disclose the information to other parties. Rule 4.4(b), Nev. R. Prof. Cond., shall also apply to inadvertent disclosures.

IT IS SO STIPULATED.

DATED this 19 day of April, 2019.

MATT DION & ASSOCIATES

/s/ Matthew L. Dion

Matthew L. Dion, Esq.
Nevada Bar No. 5282
275 Hill Street, Suite 248
Reno, Nevada 89501
Telephone: (775) 737-4500
Facsimile: (775) 737-4510
Email: mdion@mattdionlawa.com

WORK LAW LLC
Matthew A. Work, Esq.
Nevada Bar No. 13623
226 Hill Street
Reno, Nevada 89501
Telephone: (775) 386-2226
Email: work@workatlaw.com

DYER LAWRENCE, LLP
Casey A. Gillham, Esq.
Nevada Bar No. 11971
2805 Mountain Street
Carson City, Nevada 89703
Telephone: (775) 885-1896
Email: cgillham@dyerlawrence.com
*Attorneys for Plaintiffs*

DATED this 22nd day of April, 2019.

ROBISON, SHARP, SULLIVAN & BRUST

/s/ Kent R. Robison

Kent R. Robison, Esq.
Nevada Bar No. 1167
Therese M. Shanks, Esq.
Nevada Bar No. 12890
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151
Facsimile: (775) 329-7169
Email: krobison@rssblaw.com
      tshanks@rssblaw.com
*Attorneys for Defendant Carson City*

**ORDER**

IT IS SO ORDERED.

/s/ William G. Cobb
UNITED STATES MAGISTRATE JUDGE

April 24, 2019
DATED

10

# EXHIBIT A

## UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS OF MINORS

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidential Information and Documents of Minors (the "Protective Order") in the matter of *John and Jane Doe I, John and Jane Doe II, and Jane Doe III v. Carson City,* Case No.: 3:18-cv-538-LRH-WGC, pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Protective Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Protective Order.

_____
Signature

_____
Printed Name

_____
Dated

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151